UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANCET INDEMNITY RISK
RETENTION GROUP, INC.,

    Plaintiff,

v.                                                  Case No: 8:15-cv-406-T-23JSS

ALLIED WORLD SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S PROPOSAL FOR SETTLEMENT**

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's Proposal for Settlement (Dkt. 21) ("Motion"). Upon consideration, the Motion is denied for the reasons stated below.

## BACKGROUND

Plaintiff Lancet Indemnity Risk Retention Group, Inc. filed a single count Complaint seeking a declaratory judgment regarding whether it must cover a claim reported by Hollywood Diagnostics Center, Inc. ("the Insured"). Plaintiff issued a claims made and reported Professional Liability Insurance Policy to the Insured for the December 6, 2011 to December 6, 2012 policy period. Defendant Allied World Surplus Lines Insurance Company issued a Miscellaneous Medical Facilities Professional, Employment Practices and General Liability Insurance Policy to the Insured for the subsequent December 6, 2012 to December 6, 2013 policy period.

Defendant received a claim from the Insured for coverage of an underlying lawsuit. Defendant defended the Insured in the underlying lawsuit, subject to a reservation of rights, and ultimately settled the case. Defendant tendered the underlying lawsuit to Plaintiff for coverage, contending that the claim was made and reported within the December 6, 2011 to December 6, 2012 policy period. Plaintiff denied coverage, and Defendant sought reimbursement from Plaintiff for defense and indemnity costs totaling $226,226.19, which Plaintiff refused.

Plaintiff admits that in September 2012 it received a statutory request for insurance information pursuant to Section 627.4137 of the Florida Statutes, but the parties disagree as to whether such a request is considered a claim under Plaintiff's policy. Plaintiff now seeks a declaratory judgment that it has no coverage for the loss, that a statutory request for insurance information is not a claim, that Defendant had an independent duty of defense and indemnity, or alternatively that Defendant's payment was voluntary. Defendant filed a counterclaim against Plaintiff for breach of contract, seeking the amounts paid by Defendant in connection with the underlying lawsuit, declaratory judgment that Plaintiff's policy provided coverage for the claim, and equitable contribution.

On October 19, 2015, Defendant served a proposal for settlement pursuant to Section 768.79 of the Florida Statutes[1] seeking to "settle and resolve with Lancet all claims and all damages that have been asserted or could have been asserted between Lancet and

---

[1] Section 768.89 refers to "offers of judgment," as opposed to "proposals for settlement." *See* § 768.79, Fla. Stat. (2015). For ease of reference, however, because the parties both refer to a "proposal for settlement," the Court will use that term throughout this Order to refer to the offer of judgment served pursuant to section 768.89.

Allied World in the above-captioned lawsuit, and that would otherwise be resolved in a final judgment in the above-captioned lawsuit." (Dkt. 25 at 5.)[2] On February 16, 2016, Plaintiff filed the instant Motion to strike the proposal for settlement, asserting that Section 768.79 does not apply to the claims at issue in this case. (Dkt. 21.) Defendant opposes the Motion. (Dkt. 25.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 12(f) allows the court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a pleading is a drastic remedy that is generally disfavored by courts. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). The court may act on a motion to strike made by a party either before responding to the pleading or, if a response is not allowed, within twenty-one days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). "Pleadings" include a complaint; a third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and a reply to an answer. Fed. R. Civ. P. 7(a).

## ANALYSIS

Plaintiff's Motion is procedurally improper and must be denied. Plaintiff moves to "strike" Defendant's proposal for settlement, yet provides the Court with no authority for granting this form of relief. A proposal for settlement is not a "pleading" and, as such, is not subject to being stricken under Rule 12(f). *See* Fed. R. Civ. P. 7(a). Additionally, even

---

[2] Defendant quotes language from the proposal for settlement in its response to this Motion; however, a copy of the proposal for settlement has not been filed by either party.

if it were an appropriate subject for a motion to strike, the Motion was not timely filed. Plaintiff filed the Motion on February 16, 2016, which was more than twenty-one days after Defendant served the proposal for settlement. *See* Fed. R. Civ. P. 12(f)(2). Moreover, the proposal for settlement itself is not a part of the court record and, therefore, there is nothing for this Court to "strike." *See Vanderwall v. United Airlines, Inc.*, No. 14-CIV-60256, 2014 WL 4755219, at *1 (S.D. Fla. Sept. 23, 2014). Notably, a proposal for settlement is not to be filed with the court "unless it is accepted or unless filing is necessary to enforce the provisions of [Section 768.79 of the Florida Statutes]." § 768.79(3), Fla. Stat. As such, the Motion is also premature.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Strike Defendant's Proposal for Settlement (Dkt. 21) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on May 3, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record