UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANCET INDEMNITY RISK
RETENTION GROUP, INC.,

    Plaintiff,

v.                                                            CASE NO. 8:15-cv-406-T-23JSS

ALLIED WORLD SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

    Lancet Indemnity Risk Retention Group, an insurance company, sues (Doc. 1) for a declaration that, because an insured failed to file a claim before expiration of coverage, Lancet need not pay a successive insurer for the costs of defending the insured against an action. As subrogee of the insured's rights against Lancet, Allied World Surplus Lines Insurance Company, the successive insurer and the defendant, counterclaims (1) that the insured timely filed a claim, (2) that Lancet breached the insurance policy, and (3) that Lancet must pay a portion of the defense costs.

## BACKGROUND

Lancet insured Hollywood Diagnostics from December 6, 2011, to December 6, 2012, and Allied insured Hollywood Diagnostics from December 6, 2012, to December 6, 2013.[1] Each insurance policy covered "professional liability" resulting from Hollywood Diagnostics' "acts, errors or omissions . . . which occur[red] on or after [December 6, 2006] and before the" expiration date. (Doc. 1-2 at 3; Doc. 22-1 at 14)  Also, each policy required as a "condition precedent" to coverage that no later than sixty days after the expiration date for Lancet and no later than thirty days after the expiration date for Allied Hollywood Diagnostics send to the insurer "notice of a claim" against Hollywood Diagnostics. (Doc. 1-2 at 41; Doc. 22-1 at 38)

On September 26, 2012, an attorney sent Hollywood Diagnostics a letter, which states:

> We represent Ben[j]amin Shamay, surviving spouse of Zoya Shamay, deceased and we are investigating a claim for damages arising out of care provided to Mrs. Shamay in September, 2011.
>
> Florida Statute § 627.4137 requires that you disclose to us the names of all of your liability insurance companies (both primary and excess) which may provide you with coverage for this incident. This Statute also requires that you tell us the amount of coverage that you have with each insurance company. You are required by law to advise us within thirty (30) days of the receipt of this request.
>
> We are enclosing extra copies of this letter which you should forward to each of the insurance companies who provide you with coverage for this

---

[1] On December 6, 2012, both insurers insured Hollywood Diagnostics.

> incident. Please be sure to send a copy of this letter to each company with the request that the company contact us. FAILURE TO NOTIFY YOUR INSURANCE COMPANY IMMEDIATELY MAY CAUSE THE COMPANY TO REFUSE TO PROTECT YOUR INTERESTS.
>
> We request you complete the enclosed forms and return them to our office in the envelope provided at your earliest convenience. In the event you do not have insurance, please contact this office as soon as possible.

(Doc. 4-1 at 2)  Hollywood Diagnostics forwarded the letter to Lancet.  Within sixty days after expiration of coverage, no further communication occurred between Hollywood Diagnostics and Lancet about the letter.

On July 9, 2013, Benjamin Shamay sued Hollywood Diagnostics.  Of the two insurance companies, only Allied defended Hollywood Diagnostics.  Allied paid $86,226.19 in "Defense Costs" and $140,000 to settle the action.  (Doc. 4 at 14)  Lancet sues Allied for a declaration that Lancet need not contribute for either expense.  As subrogee of Hollywood Diagnostics' claim against Lancet, Allied counterclaims (1) for breach of Hollywood Diagnostics' insurance policy (Count I), (2) for a declaration that Hollywood Diagnostics' forwarding the September 26, 2012 letter satisfied the

condition of "notice of a claim" against Hollywood Diagnostics (Counts II),[2] and (3) for "equitable contribution" from Lancet (Count IV). Each party moves (Docs. 22, 24) for summary judgment.

## DISCUSSION

The parties agree that whether Lancet breached the insurance policy depends on whether Hollywood Diagnostics' forwarding the September 26, 2012 letter satisfied the "condition precedent" to coverage. In other words, the outcome of this action depends on whether Hollywood Diagnostics' forwarding the letter constituted "notice of a

---

[2] Offering an "alternative" to Count II, Allied asserts Count III, which claims (1) that an insured can invoke coverage by sending "notice of [a] circumstance that may result in a Claim" and (2) that Hollywood Diagnostics' forwarding the September 26, 2013 letter constituted "notice of [a] circumstance that may result in a Claim." However, the insurance policy consistently states that to invoke coverage "notice of an Occurrence that may result in a Claim" is insufficient and that to invoke coverage an insured must notify Lancet of a "claim," which is defined as either:

> (l) a written notice received by an Insured, and forwarded to us, from a person or entity, or on behalf of such person or entity by another party legally empowered to act on their behalf, alleging that such person or entity has been damaged by an Insured and demanding monetary damages or notifying the Insured of an intention to hold an Insured responsible for an Occurrence; or
>
> (2) the filing of a civil lawsuit or arbitration proceeding seeking monetary damages.

(Doc. 1-2 at 15, 36 ("Notifying us of an Occurrence that may result in a Claim as required under 'Section 6 — Notice Provisions' does not constitute a Claim first made hereunder unless it incorporates items 1 or 2 above.")) Allied likely misinterprets the portion of the insurance policy that requires an insured's notice to Lancet to include "the reason the Insured believes a Claim has been or may be made." (Doc. 1-2 at 41) Describing both "notice of an Occurrence that may result in a Claim" and "notice of a Claim," the portion is correctly understood as requiring "notice of an Occurrence that may result in a Claim" to include "the reason the Insured believes a Claim . . . may be made" and "notice of a Claim" to include "the reason the Insured believes a Claim has been . . . made."

claim" against Hollywood Diagnostics.  Because the letter requests information under Section 627.4137, Florida Statutes,[3] Lancet attempts to enlarge the issue to whether forwarding a request for information under Section 627.4137 constitutes "notice of a claim" under some generic insurance policy.  However, because "claim" is defined by each insurance policy and because a letter containing a "Section 627.4137 request" often contains more than the Section 627.4137 request,[4] the governing issue in this

---

[3] Section 627.4137(1) states:

> Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made shall provide, within 30 days of the written request of the claimant, a statement, under oath, of a corporate officer or the insurer's claims manager or superintendent setting forth the following information with regard to each known policy of insurance, including excess or umbrella insurance:
>
>   (a) The name of the insurer.
>
>   (b) The name of each insured.
>
>   (c) The limits of the liability coverage.
>
>   (d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement.
>
>   (e) A copy of the policy.
>
> In addition, the insured, or her or his insurance agent, upon written request of the claimant or the claimant's attorney, shall disclose the name and coverage of each known insurer to the claimant and shall forward such request for information as required by this subsection to all affected insurers. The insurer shall then supply the information required in this subsection to the claimant within 30 days of receipt of such request.

[4] *See, e.g.*, *Hayas v. GEICO Gen. Ins. Co.*, 2014 WL 6883131, at *5 (M.D. Fla. Dec. 5, 2014) (Covington, J.) (analyzing a "demand letter" containing a Section 627.4137 request); *Knowling v. Manavoglu*, 73 So. 3d 301, 301 (Fla. 5th DCA 2011) (per curiam) ("[The lawyer] immediately sent a letter to Allstate, informing the insurer of his representation of Appellant 'in a claim for injuries and damages as a result of [the] accident' with Emel Manavoglu, and requesting certain insurance information pursuant to section 627.4137.").

action is whether forwarding the September 26, 2012 letter constitutes "notice of a claim" as defined by Lancet and Hollywood Diagnostics' insurance policy.

Lancet and Hollywood Diagnostics' insurance policy defines "claim" as:

> (l) a written notice received by an Insured, and forwarded to us, from a person or entity, or on behalf of such person or entity by another party legally empowered to act on their behalf, alleging that such person or entity has been damaged by an Insured and demanding monetary damages or notifying the Insured of an intention to hold an Insured responsible for an Occurrence; or
>
> (2) the filing of a civil lawsuit or arbitration proceeding seeking monetary damages

(Doc. 1-2 at 36)  Because "the filing of a civil lawsuit" occurred more than sixty days after expiration of Lancet's coverage, the September 26, 2012 letter, in order to constitute a "claim," must meet the first definition.  The parties agree that the September 26, 2012 letter is a "written notice," that Hollywood Diagnostics forwarded the letter to Lancet, and that the counsel who sent the letter was "legally empowered to act on" Shamay's behalf.  The parties dispute whether the September 26, 2012 letter is a notice that "alleg[es] that [Shamay] has been damaged by" Hollywood Diagnostics and that "notif[ies Hollywood Diagnostics] of an intention to hold [Hollywood Diagnostics] responsible for an Occurrence."[5]

---

[5] The grammatical structure of the first definition of "claim" fails to clarify whether the correct alternative to "notifying the Insured of an intention to hold an Insured responsible for an Occurrence" is the phrase beginning with "alleging" or the phrase beginning with "demanding." However, the parties agree that the correct alternative is the phrase beginning with "demanding." (*See* Doc. 24 at 7; Doc. 27 at 6) Further, in order to harbor "an intention to hold an Insured responsible," the accuser must "alleg[e] that [the accuser] has been damaged by an Insured."

- 6 -

First, arguing that the September 26, 2012 letter "alleg[es] that [Shamay] has been damaged by" Hollywood Diagnostics, Allied cites an introductory sentence that states, "[W]e are investigating a claim for damages arising out of care provided to Mrs. Shamay in September, 2011." (Doc. 4-1 at 2)  Allied concludes that, because the sentence informs Hollywood Diagnostics of the existence of a "claim for damages,"[6] the letter "alleg[es] that [Shamay] has been damaged by" Hollywood Diagnostics. However, the sentence is correctly understood as informing Hollywood Diagnostics not of the existence of a "claim for damages" but of an investigation of the existence of a "claim for damages."[7]  The sentence accomplishes no more than introducing a request for information under Section 627.4137, (1) which requires an insured to furnish information about coverage for a claim for damages "which might be made" about an incident and (2) which presumes that the requester has not yet asserted a claim for damages against the insured.

Confirming this interpretation, the letter never again discusses a "claim for damages" and repeatedly asks for information about coverage "for this incident" (as opposed to "for this claim for damages").  At most, the letter informs Hollywood

---

[6] Shamay's "claim for damages" against Hollywood Diagnostics is distinguished from "claim," the forwarding of which satisfies the "condition precedent" to coverage.

[7] The September 26, 2012 letter is distinguishable from each letter analyzed in the cases that Allied cites; each letter asserts a "claim for damages" without employing a qualifier such as "investigate." *See Paradigm Ins. Co. v. P & C Ins. Sys., Inc.*, 747 So. 2d 1040 (Fla. 3d DCA 2000) (Cope, J.); *Myers v. Interstate Fire & Cas. Co.*, 2008 WL 276055, at *1 (M.D. Fla. Jan. 30, 2008) (Moody Jr., J.).

Diagnostics of an "occurrence," which is defined in Lancet's insurance policy as "an Adverse Event or an accident" (Doc. 1-2 at 39), and forwarding the letter constituted "notice of an occurrence." The insurance policy specifically warns, "Notifying us of an Occurrence that may result in a Claim . . . does not constitute a [notice of a] Claim." (Doc. 1-2 at 36) No portion of the September 26, 2012 letter attempts to "alleg[e] that [Shamay] has been damaged by" Hollywood Diagnostics.

Second, arguing that the September 26, 2012 letter "notif[ies Hollywood Diagnostics] of an intention to hold [Hollywood Diagnostics] responsible for an Occurrence," Allied cites the portion of the letter that states, "Failure to notify your insurance company immediately [of this letter] may cause the company to refuse to protect your interests." (Doc. 4-1 at 2) The letter's advising that an insured forward the request for information to insurers is based on Section 627.4137's requiring an insured to "forward such request for information . . . to all affected insurers." Allied cannot infer from the letter's iteration of this statutory language "an intention to hold the insured responsible." No portion of the September 26, 2012 letter attempts to "notify [Hollywood Diagnostics] of an intention to hold [Hollywood Diagnostics] responsible for an Occurrence," and Hollywood Diagnostics' forwarding the letter failed to satisfy the "condition precedent" to Lancet's coverage — "notice of a claim" as defined by Lancet and Hollywood Diagnostics' insurance policy.

## CONCLUSION

The parties' motion (Doc. 28) for leave to reply is **DENIED**.  Allied's motion (Doc. 22) for summary judgment is **DENIED**.  Because Hollywood Diagnostics failed to satisfy a condition of coverage, Lancet's motion (Doc. 24) for summary judgment is **GRANTED**.  The clerk is directed (1) to enter a judgment for Lancet and against Allied on the complaint's claim for a declaratory judgment and on each of the four counterclaims, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on July 19, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE